OHIO CASUALTY INS. CO., APPELLEE, *v.* BARTSON, APPELLANT.

558

(No. 390—Decided October 20, 1941.)

*Messrs. Stahl, Stahl & Stahl,* for appellee.
*Mr. Bernard J. Hawk,* for appellant.

LLOYD, J.   This is an appeal on questions of law by George W. Bartson from a judgment of $141.73 in favor of the Ohio Casualty Insurance Company rendered at the trial of an action brought by it in the Court of Common Pleas, a jury having been waived.

On May 8, 1938, the casualty company issued its policy of insurance to a Mr. A. J. Walters, insuring him against loss for damage to his automobile caused by collision.   On December 2, 1938, the automobile of Walters, then being operated by him in a westerly direction on East State street in Fremont at a speed of about 30 to 35 miles per hour, collided with the automobile of the defendant Bartson.   Bartson's automobile was then entering East State street at a speed according to Walters of "not over 8 or 10 miles an hour" from Collingwood avenue on which he was proceeding southerly toward East State street intending to turn easterly thereon, that is, to his left.   Bartson approaching East State street from the north was on the right of Walters approaching Collingwood ave-

nue from the east. East State street is wide and much-traveled. Collingwood avenue is narrow and little-traveled. Bartson says that before entering the intersection he made a safety stop before he got to the sidewalk and he says: "I let my car roll down into State street and I got out far enough to look to the right and before I could look to the left, I was struck."

Walters said: "When I saw the other car approaching, I was probably 150 feet from the intersection * * * and this car was approaching at a moderate or rather slow rate of speed, the speed that a car would stop and the car kept coming on until it got out into my line of traffic."

Walters, proceeding at "probably 30 miles" an hour east of the Bartson car when the front end of it entered East State street, "with the idea of missing" the Bartson car, turned his car to the left "something like 5, 6 or 7 feet." There had formerly been street-car tracks on East State street and Walters testified that at the moment of the collision his automobile was all in the north track and Bartson's car was about "where the north rail used to be"—in other words, on the northerly side of the State street line of travel, about four feet south of the north curb line of State street, according to Bartson.

The collision occurring within the municipality of Fremont, under Sections 6310-28a and 6310-31, General Code (110 Ohio Laws, 137; 116 Ohio Laws, 408), as then in force, Bartson had the right of way which, as defined by Section 6310-28, General Code (110 Ohio Laws, 137), was the right to proceed uninterruptedly in a lawful manner in the direction in which he was going and, as judicially interpreted, to so proceed until he became aware of danger in so doing. His automobile was seen by Walters when 150 feet away from Collingwood avenue and was continuously seen by

him thereafter until the occurrence of the collision. That he "thought" Bartson would stop and await his passing Collingwood avenue would not excuse his failure to yield the right of way to Bartson. Bartson, intending to turn left would have to cross State street beyond the center line thereof and was therefore lawfully crossing the north half of State street which was also the portion thereof upon which Walters, proceeding west, was required to be. It is contended that if Bartson stopped about 20 feet north of the sidewalk line of State street before entering State street, as he says he did, then his entry upon State street intending to join the flow of traffic thereon was from a "standing position" and it was his duty in conformity with Section 6310-29, General Code (110 Ohio Laws, 137), to yield the right of way to Walters. With this argument and contention, the court disagrees.

Bartson proceeding in a lawful manner, as the evidence clearly shows he was, had a right to presume that Walters who must be held to have known that Bartson had the right of way, would allow him to proceed without interference or interruption. Walters, when 150 feet distant therefrom, saw Bartson approaching State street and was 40 feet therefrom on the northerly side of State street when Bartson entered it from the north, so that he had ample notice of the situation and should have acted accordingly.

The trial court therefore should have found and rendered judgment in favor of Bartson, either on the motion made at the close of the evidence or on his motion for judgment thereafter made, and not having done so, its judgment is reversed and final judgment rendered in favor of the defendant Bartson.

*Judgment reversed.*

OVERMYER and CARPENTER, JJ., concur.